IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOSEPH A. SCALIA, BAR NO. 5123.

No. 81672

FILED

OCT 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Joseph A. Scalia be suspended from the practice of law for six months based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.16 (declining or terminating representation), and RPC 3.2(a) (expediting litigation). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Scalia committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Scalia failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Scalia violated the above-referenced rules by failing to prosecute a divorce case or appear at three hearings in the matter, which led to a default divorce decree being entered against his client. He also failed to keep his client reasonably

---

[1]Despite the default, Scalia participated in the disciplinary proceedings and submitted evidence toward mitigation.

20-37924

informed of the status of her case or properly terminate his representation of her.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Scalia violated duties owed to his client (diligence and communication), the legal system (expediting litigation), and the profession (improper withdrawal from representation). Scalia's mental state was negligent and his client and the legal profession were injured or potentially injured. Scalia's client had a default divorce decree entered against her and believed she remained married for three years thereafter. The baseline sanction for Scalia's misconduct, before consideration of aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42(b) (Am. Bar Ass'n 2017) (recommending suspension when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client"). The panel found, and the record supports, two aggravating circumstances (pattern of misconduct and substantial experience in the practice of law) and two mitigating circumstances (personal or emotional problems and remorse). Considering all the factors, we conclude the recommended suspension is sufficient to serve the purpose

of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession).

Accordingly, we hereby suspend attorney Joseph A. Scalia from the practice of law in Nevada for a period of six months commencing from the date of this order. Scalia shall also comply with all CLE Board requirements and resolve any outstanding fee disputes. Further, Scalia shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

                                          , J.
Gibbons

                                          , J.
Stiglich

                                          , J.
Silver

cc:    Chair, Southern Nevada Disciplinary Board
       Joseph A. Scalia, II
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court